**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT** |
| Plaintiff, | ) | **WALLI'S MOTION FOR DISMISSAL OF** |
| | ) | **THE CHARGE** |
| vs. | ) | |
| | ) | Case No.  1:06-cr-059 |
| Michael R. Walli, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is defendant Michael R. Walli's "Motion for Dismissal of the Charge" filed on August 16, 2006.  Walli asserts that, according to equitable principles, the indictment should be dismissed.  The Court has construed Walli's motion as a challenge to the sufficiency of the indictment.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure governs the nature and content of indictments and provides as follows:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated. For purposes of an indictment referred to in section 3282 of title 18, United States Code, for which the identity of the defendant is unknown, it shall be sufficient for the indictment to describe the defendant as an individual whose name is unknown, but who has a particular DNA profile, as that term is defined in that section 3282.

The Eighth Circuit has held that "[a]n indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction

or acquittal as a bar to a subsequent prosecution." United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993) (citing United States v. Young, 618 F.2d 1281, 1286 (8th Cir.), cert. denied, 449 U.S. 844 (1980)); see United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001) (citing United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988)) ("We will consider an indictment sufficient 'if it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to a future prosecution.'" ).  An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.  Fleming, 8 F.3d 1264, 1265.

The indictment charges Walli with one count of destruction of government property.  The indictment alleges that:

> On or about June 20, 2006, in the District of North Dakota, . . . Michael Robin Walli did willfully injure property of the United States, that is, a spin dial lock and other property at the Launch Facility (LF) E-9, Minuteman missile silo, which is located within the District of North Dakota, thereby causing damages to such property in an amount exceeding $1000; in violation of Title 18, United States Code, Section 1361.

See Docket No. 26-1.

A plain reading of the indictment reveals that it contains all of the essential elements the crime charged, the date on which the crimes charged took place, the general location where the crime charged took place, and the amount of alleged damage.  See Docket No. 26-1.  The Court finds that the indictment clearly satisfies Rule 7(c)(1) of the Federal Rules of Criminal Procedure. The Court also finds that the indictment is legally sufficient according to the standards adopted by the Eighth Circuit.  Finally, the Court finds that Walli has failed to establish a basis to warrant dismissal of the indictment.

For the reasons outlined above, the Defendant's Motion for Dismissal of the Charges is **DENIED** (Docket No. 63).

**IT IS SO ORDERED**.

Dated this 17th day of August, 2006.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court